Ray D. Hacke, OSB #173647
PACIFIC JUSTICE INSTITUTE
317 Court St. NE, Ste. 202
Salem, OR 97301
(503) 917-4409 Phone
(916) 857-6902 Facsimile

Attorneys for Plaintiff
LUCINDA MILLER

## UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | | |
|---|---|---|
| LUCINDA MILLER, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | **Complaint for Damages and** |
| | ) | **Declaratory Relief for Religious** |
| | ) | **Discrimination in Violation of** |
| v. | ) | **Title VII [42 U.S.C. § 2000e-2]** |
| | ) | **and ORS 659A.030(1)(a) and** |
| | ) | **Aiding and Abetting Religious** |
| | ) | **Discrimination in Violation of** |
| KAISER FOUNDATION | ) | **ORS 659A.030(1)(g)** |
| HOPSITALS, A Corporation, and | ) | |
| DOES 1-50, inclusive, | ) | |
| | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff LUCINDA MILLER hereby alleges as follows:

## INTRODUCTION

1.     On August 2, 2021, Defendant KAISER FOUNDATION

HOSPITALS ("KAISER") mandated that all of its employees nationwide must

either be vaccinated for the SARS-CoV-2 virus ("COVID-19") by September 30, 2021, or obtain an approved medical or religious exemption. Plaintiff LUCINDA MILLER who worked for KAISER, sought an accommodation to be exempt from this vaccination mandate based on her sincerely held religious beliefs. After initially granting Plaintiff a religious accommodation, KAISER later revoked it and gave her two options: Be vaccinated or be fired. KAISER failed to offer a reasonable accommodation to Plaintiff in violation of both Title VII of the federal Civil Rights Act of 1964 (42 U.S.C. § 2000e et. seq.) and the Oregon Unlawful Discrimination in Employment Act, ORS 659A.030(1)(a).

## PARTIES

2.    Plaintiff LUCINDA MILLER [hereinafter "MILLER"] was employed by Defendant, KAISER FOUNDATION HOSPITALS [hereinafter "KAISER"].

3.    At all times relevant herein, MILLER was an employee protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* as well as ORS 659A.030(1).  She is a member of a protected class based on her religion.

4.    Defendant KAISER is headquartered in Oakland, California, with hospitals and medical centers in Washington, D.C., and eight states, including Oregon. KAISER is comprised of Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals and its subsidiaries, and the Permanente Medical Groups.[1]

---

[1] https://about.kaiserpermanente.org/who-we-are/fast-facts

5.    Defendant KAISER is an employer as defined by Title VII of the federal Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e, *et. seq.*

6.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1-50, inclusive, are unknown to MILLER at this time, who therefore sues said Defendants by such fictitious names. MILLER is informed and believes and thus alleges that each of the fictitiously named Defendants is in some way responsible for, or participated in or contributed to, the harms complained of herein, and is legally responsible in some manner. MILLER will seek leave to amend this Complaint once the true names, capacities, and responsibilities have been ascertained.

## **JURISDICTION & VENUE**

7.    This action arises under the laws of the United States, specifically 21 U.S.C. § 360bbb-3 and 42 U.S.C. § 2000e, *et seq*. This action also arises under the laws of the State of Oregon, specifically provisions of the Oregon Unlawful Discrimination in Employment Act, ORS 659A.030(1)(a) and (g).

8.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

9.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

10.    This Court is authorized to grant Plaintiff's prayer for relief regarding damages pursuant to Fed. R. Civ. P. 54 and the supplementary laws of the State of Oregon, as applicable under Fed. R. Civ. P. 69.

## FACTUAL ALLEGATIONS

11.  Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

12.    KAISER hired MILLER as a Bed Control Coordinator on August 25, 2014, to work at KAISER'S Sunnyside Medical Center in Clackamas, Oregon.

13.     MILLER'S position as Bed Control Coordinator was not a patient-facing position.  MILLER had minimal contact with patients and families.

14.    MILLER'S position as Bed Control Coordinator was primarily performed in front of a computer in an enclosed office.

15.    During the COVID-19 pandemic, MILLER was committed to the well-being of co-workers, clients, staff, and vendors.  She thus took precautions to prevent herself from contracting and spreading COVID-19 to others. Pursuant to KAISER'S COVID-19 protocols, MILLER wore masks, washed her hands regularly, and practiced social distancing.

16.    During the COVID-19 pandemic, before the start of each shift and before entering the hospital workplace, MILLER would scan her badge and verify that she had no symptoms for COVID-19.

17.    On August 2, 2021, KAISER implemented a Policy [hereinafter the "Policy"] which required all of its employees to be vaccinated against COVID-19 by September 30, 2021, or to submit for and be approved of either a religious or medical exemption. *See* Ex. "A."

18.    The Policy required any KAISER employee who was not fully vaccinated or had not obtained an approved exemption by September 30, 2021 to follow workplace safety rules applicable to the unvaccinated. *See* Ex. "A."

19.    Pursuant to the Policy, KAISER would place any employee who was not fully vaccinated or had not obtained an approved exemption by October 1, 2021 on unpaid administrative leave for up to 60 days in order to obtain either proof of vaccination or an approved exemption. *See* Ex. "A."

20.    Pursuant to the Policy, if any employee was not fully vaccinated or had not obtained an approved exemption by November 30, 2021, KAISER would terminate the employee's employment on December 1, 2021. *See* Ex. "A."

21.    MILLER is, and at all times relevant herein was, an adherent to the Christian faith. She holds sincere religious beliefs that prevent her from ingesting the COVID-19 vaccination. *See* Ex. "A."

22.    The religious conviction that prevents, and at all times herein prevented, MILLER from receiving COVID-19 vaccination falls into the category of belief that a Christian's body is a temple of the Holy Spirit. Ingesting something

that may be harmful is inconsistent with the protection and sacredness that God's temple deserves. *See* Ex. "B."

23.    On August 6, 2021, in accordance with the POLICY, MILLER timely submitted a written request (case #40898808) via KAISER'S online employee portal for a religious accommodation pursuant to, and in accordance with, state law [ORS 659A.030(1)(a)] and federal law [Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et. seq.*)]. *See* Ex. "B."

24.    On August 26, 2021, MILLER cancelled the August 6, 2021, religious accommodation request (KAISER HRconnect case #40898808), and submitted a new religious accommodation request (KAISER HRconnect case #41042434) via the employee portal pursuant to, and in accordance with, state and federal law. *See* Ex. "C."

25.    MILLER submitted the new religious accommodation request (KAISER HRconnect case #41042434) due to her being unable to upload a letter with her original religious accommodation request (KAISER HRconnect case #40898808) describing her personal reasons for declining the COVID-19 vaccine.

26.    By submitting her COVID-19 vaccine religious accommodation request, MILLER informed KAISER that she was unable to receive the mandated COVID-19 vaccine because receiving the COVID-19 vaccine would conflict with her sincerely held religious beliefs.

27.     On August 28, 2021, KAISER approved MILLER's religious exemption request via HRconnect. *See* Ex. "D."  KAISER made no indication at that time that MILLER's religious accommodation was provisional.

28.     MILLER was ready, willing, and able to meet accommodation requirements that the Policy outlined for those employees receiving religious exemptions. MILLER was willing to submit to testing for COVID-19 in an effort to maintain her position with KAISER.

29.     MILLER continued taking the same precautions that she had previously taken to protect against contracting or spreading the COVID-19 virus.

30.     In a communication dated September 21, 2021, KAISER called into question MILLER's sincerely held religious beliefs. *See* Ex. "E."

31.     The communication dated September 21, 2021, was the first time KAISER indicated that MILLER's accommodation was provisional.  *See* Ex. "E."

32.     On October 29, 2021, Michelle Baumgarner, Sunnyside Medical Center's Manager of Patient Access Business Services for KAISER, e-mailed employees stating "for those that have been vaccinated, please see me for a badge sticker." *See* Ex. "F."  At best, Ms. Baumgarner's request had the unintended effect of making those KAISER employees who did not receive COVID-19 vaccinations for religious reasons, including and especially MILLER, targets of hostility from management and co-workers, as the sticker would essentially serve as KAISER's

"stamp of approval," so to speak.  At worst, Ms. Baumgarner intended to publicly shame MILLER and other employees who were unvaccinated for religious reasons, and to make them targets of religious hostility, by compelling them to publicly broadcast their vaccination status to co-workers and patients.

33.    In a communication dated October 27, 2021, KAISER asked MILLER a series of inappropriate questions designed to "catch" MILLER'S religious insincerity. *See* Ex. "G."  The inappropriate questions KAISER asked include, but are not limited to:

      a.    "What else besides the COVID-19 vaccine do you refuse to put into your body as a result of your religious belief?" and

      b.    "Have you ever received a vaccination or immunization as an adult? If so, when? How is the COVID-19 vaccination different?"

34.    MILLER answered KAISER's questions and referred KAISER back to her original religious accommodation request.  *See* Ex. "G."

35.    KAISER made no attempts to engage in the interactive process with MILLER to accommodate her sincerely held religious beliefs.

36.    In a communication November 29, 2021, KAISER informed MILLER that her religious accommodation had been rescinded and that she had five days to continue working, after which her employment with KAISER would be terminated. *See* Ex. "H."

37.    In a communication dated November 30, 2021, MILLER inquired of KAISER about how to appeal the denial of a reasonable accommodation to the Policy. *See* Ex. "I." KAISER informed MILLER there was no appeals process.

38.    MILLER worked her last shift on December 4, 2021, as KAISER effectively terminated MILLER for her refusal to take the COVID-19 vaccine, which conflicts with her sincerely held religious beliefs.

39.    MILLER did not return to the workplace as she was concerned that doing so would jeopardize her retirement.

40.    MILLER was not permitted to continue working through her retirement date of December 25, 2021.

41.    MILLER has satisfied and exhausted all administrative remedies.

42.    MILLER timely filed a Charge of Discrimination on February 17, 2022. *See* Ex. "J."

43.    On September 30, 2022, the EEOC issued a Determination and Notice of Rights (the "Right-to-Sue Letter"), informing MILLER of her right to sue KAISER in federal court. *See* Ex. "K."

44.    Attached hereto as Ex. "L" is proof that MILLER has timely filed the herein lawsuit pursuant to the deadline set forth in her Right-to-Sue Letter.

## FIRST CAUSE OF ACTION:
### Violation of Title VII
### [42 U.S.C. § 2000e-2]

45.    MILLER refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

46.    Title VII of the 1964 Civil Rights Act prohibits employers from discriminating on the basis of religion.  42 U.S.C. § 2000e-2(a)(1).

47.    For purposes of Title VII, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year …"  42 U.S.C. § 2000e(b).

48.    Defendant KAISER qualifies as an employer under Title VII. KAISER is subject to the provisions of Title VII like any other employer.

49.    The term "religion," for purposes of Title VII, "includes all aspects of religious observance and practice, as well as belief …" 42 U.S.C. § 2000e(j).

50.    As a practicing Christian, MILLER belongs to a class of persons protected under Title VII.  42 U.S.C. § 2000e-2(a)(1).

51.    MILLER has a bona fide religious belief that she cannot defile her body by taking the COVID-19 vaccine.  She believes that if she were to receive the COVID-19 vaccine, she would be sinning against God and would suffer the consequences of being disobedient to His guidance.

52.     MILLER's bona fide religious belief against taking the COVID-19 vaccine conflicted with KAISER's employment-related duty to receive a COVID-19 vaccine in accordance the Policy.

53.     MILLER informed her employer, Defendant KAISER, of the conflicts between her religious beliefs and her employment-related duties.  *See* Exs. "B"-"C."

54.     Defendant KAISER subjected MILLER to discriminatory treatment by subjecting her to two adverse employment actions: (1) Threatening to place her on unpaid leave and terminate her employment if she did not receive a vaccine [*see* Exs. "A" and "H"], and (2) terminating her employment on December 4, 2021.

55.     Defendant KAISER made no attempt to accommodate MILLER's sincerely held religious beliefs, nor did KAISER make any assertion to MILLER that KAISER would incur undue hardship by accommodating her beliefs.

56.     Defendant KAISER could and should have provided reasonable accommodations for MILLER's beliefs, as accommodations that would have allowed MILLER to continue working while significantly limiting the likelihood of spreading COVID-19 were available. Such accommodations included what KAISER had required MILLER and all other staff to do since the start of the pandemic: requiring MILLER to wear masks, wash hands and to social distance from fellow employees when possible. KAISER offered none of these

accommodations, opting to take adverse employment actions against MILLER

instead.

57.     Religious discrimination is truly what motivated Defendant KAISER

to get rid of MILLER, any assertion KAISER might make to the contrary

notwithstanding.

58.     Based on the foregoing, Defendant KAISER has discriminated against

MILLER in violation of Title VII.

## SECOND CAUSE OF ACTION:
### Violation of State Law Prohibiting Religious Discrimination
### [ORS 659A.030(1)(a)]

59.     Plaintiff refers to and hereby incorporates the foregoing paragraphs as

though fully set forth herein.

60.     Like Title VII, ORS 659A.030(1)(a) prohibits employers from

discharging individuals from employment on the basis of the individuals' religion,

as Defendant KAISER has done here.

61.     Defendant KAISER is subject to ORS 659A.030(1)(a) like any other

employer in the State of Oregon.

62.     Because Oregon's state law prohibiting employers from

discriminating on the basis of religion is modeled after Title VII, and because the

analysis for religious discrimination claims under both statutes is identical [*see*

*Hedum v. Starbucks Corp.*, 546 F. Supp. 2d 1017, 1022 (D. Or. 2008)], MILLER

declines to restate the facts as set forth in her first cause of action, as those facts are already incorporated as though fully set forth herein.

63.    Under 42 U.S.C. § 2000e-7, nothing in 42 U.S.C. § 1981a(b)(3), which caps the amount of non-pecuniary and punitive damages that can be awarded to Plaintiff, "shall be deemed to exempt or relieve any person from liability, duty, penalty, or punishment provided by any present or future law of any State[.]" In other words, an Oregon jury is free to exceed any applicable federal dollar limit in accordance with Oregon law.

64.    ORS 659A.885(3) allows for punitive damages against employers such as Defendant KAISER who violate ORS 659A.030(1)(a).  Oregon law places no cap on punitive damages.  *See Smith v. Ethicon, Inc.*, 2022 U.S. Dist. 98543 at *2 (D. Or. June 2, 2022).

65.    Based on the foregoing, in addition to violating Title VII, Defendant KAISER has violated ORS 659A.030(1)(a).

## THIRD CAUSE OF ACTION
### Violation of ORS 659A.030(1)(g)
### Against Defendants DOES 1-50

66.     Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

67.    ORS 659A.030(1)(g) prohibits any person from aiding and abetting an employer from engaging in employment discrimination.

68.     In their roles as the persons charged with determining whether to grant religious accommodations to KAISER's employees, Defendants DOES 1-50 – whose identities have yet to be determined, and whom Plaintiffs intend to add as Defendants after learning their identities through discovery – acted in concert with, or gave substantial assistance to, KAISER to unlawfully discriminate against Plaintiff on account of Plaintiff's religion.  DOES 1-50 did this knowing it was unlawful for KAISER, as Plaintiff's employer, to discriminate against Plaintiff on the basis of her religion.

69.     Because Defendant KAISER carried out its religious discrimination against Plaintiff with the assistance of Defendants DOES 1-50, Defendants DOES 1-50 should be held individually and personally liable for their conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

### ON ALL CAUSES OF ACTION:

1.     For economic damages in an amount according to proof at trial;

2.     For non-economic damages in an amount according to proof at trial;

3.     For punitive damages in an amount according to proof at trial;

4.     For attorney's fees and costs associated with bringing and maintaining this action in accordance with the law; and

5.     For such other and further relief as the Court may deem proper.

Dated: December 29, 2022                    PACIFIC JUSTICE INSTITUTE
                                            __/s/ *RAY D. HACKE*_____
                                            Ray D. Hacke
                                            Attorney for Plaintiff
                                            LUCINDA MILLER

## PROOF OF SERVICE

I am employed in the County of Marion, State of Oregon.  I am over the age of eighteen and not a party to the within action; my business address is 1850 45th Ave., Suite 33, Salem, OR 97305.

On or about December 29, 2022, I served the following documents on the interested parties by placing a true copy thereof enclosed in sealed envelope(s) addressed to said parties:

**Complaint for Damages for Religious Discrimination in Violation of Title VII [42 U.S.C. § 2000e-2] and ORS 659A.030(1)(a) and Aiding and Abetting Religious Discrimination in Violation of ORS 659A.030(1)(g)**

## PLEASE SEE ATTACHED SERVICE LIST

_____BY MAIL:  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same date with postage thereon fully prepaid at Salem, Oregon in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__X__BY PERSONAL SERVICE:  I caused such envelope to be delivered by hand to the office of the addressee(s).

_____(State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__(Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 29, 2022, at Salem, Oregon.

*/s/ LAUREN PEFFERLE*
Lauren Pefferle

Complaint - 16

## <u>SERVICE LIST</u>

Registered Agent
Kaiser Foundation Hospitals
c/o The Prentice-Hall Corporation System, Inc.
1127 Broadway St. NE, Ste. 310
Salem, OR 97301

# EXHIBIT  A



August 2, 2021

# Protecting health and safety through vaccination

Kaiser Permanente requires COVID-19 vaccination for all employees and physicians amid resurging pandemic.

An important message from Greg A. Adams, chair and chief executive officer, Kaiser Foundation Health Plan and Hospitals; Ramin Davidoff, MD, co-CEO, The Permanente Federation; Richard S. Isaacs, MD, FACS, co-CEO, The Permanente Federation.

Throughout our 75-year history, Kaiser Permanente has been recognized as a leader for our disease prevention and care innovation, and for keeping our communities healthy. This includes significant work with life-saving vaccines to protect the health of our people, patients, and members as well as the communities we serve. Historically, vaccines have brought an end to the epidemics of smallpox, polio, and other deadly diseases, and vaccines are the only way to bring an end to COVID-19.

 | MyKP

 

testing. Effective this week, we will begin implementing that testing requirement across the enterprise. In addition, to ensure the health and safety of our people, patients, members, and communities, we will require all employees and physicians be fully vaccinated for COVID-19.

Hundreds of millions of Americans have now been safely vaccinated for COVID-19. Sadly, there are 100 million more who are unvaccinated, which increases the health risk for all of us. Large populations of unvaccinated people will allow new and stronger strains of the coronavirus to develop. In fact, the highly infectious delta variant is dramatically increasing the number of COVID-19 cases across the country — 97% to 99% of COVID-19 hospital admissions are unvaccinated patients.

While masking, handwashing, and social distancing have been important tools since the beginning of the pandemic to help slow the spread COVID-19, vaccines are the most effective way to prevent contracting the disease. They are scientifically proven to be safe and dramatically reduce the risk of death and serious consequences if a person becomes infected.

Today, 77.8% of our employees and more than 95% of physicians have been vaccinated for COVID-19. To ensure we are all fully vaccinated, we are taking the following next steps.

- **Proof of vaccination and weekly COVID-19 testing:** For those who have already been vaccinated, you will be required to submit proof of vaccination. Beginning August 23, unvaccinated employees will be required to be tested twice a week for COVID-19. We will distribute the full policy and begin collecting proof of vaccination later this week.

- **Mandatory vaccination:** We have set a target date of September 30, 2021, for all unvaccinated employees and physicians to become fully vaccinated for COVID-19, or apply for medical or religious exemption. If you are unvaccinated, you will be provided administrative time to get vaccinated at one of our Kaiser Permanente vaccination clinics.

We will be working with our labor leaders on implementation of this vaccination requirement and will also be coordinating with local, state, and federal laws. Additional details will be coming shortly.

 | MyKP                                      

will help us demonstrate our commitment to disease prevention and public health, and to ending this pandemic. After working together for all these months to fight this virus, we must rise in unity once again to meet the challenge before us.

Share ➜

## TAGS

Our organization,  News and announcements

Sign in to Yammer to add/view comments.

Sign in

MyKP Feedback

Terms and Conditions

Privacy Statement



< Back

August 10, 2021

# COVID-19 vaccine verification required by August 23

A message from Jeff Collins, president, Kaiser Foundation Health Plan and Hospitals of the Northwest.

During the pandemic, we have all worked together to help keep our colleagues, members, and communities healthy. Thank you for everything you've done and are continuing to do to prioritize safety and well-being.

As announced in the communication from our Chair and CEO Greg Adams on Tuesday, Kaiser Permanente has a new requirement for all employees to be fully vaccinated by

 | MyKP

 

In support of this new requirement, we have developed a process that will help us ensure we have all the necessary information to maintain a safe workplace.

# Vaccine verification requirement

By **Monday, August 23, 2021,** employees (including those who may not regularly work out of a KP office or building, or who are currently working remotely), are required to submit proof of full COVID-19 vaccination or complete a declination form.

- If you submit proof of vaccination, you will receive a badge sticker, which will allow us to determine the most appropriate infection prevention protocols and may allow you to adhere to different workplace safety rules than unvaccinated individuals, depending on federal, state, and local law, public health authority orders, and KP policies.
- More information on when and how stickers will be distributed will be shared in the coming weeks.

Beginning **Tuesday, August 24, 2021**, unvaccinated employees, including those who have not provided any proof of vaccination or who have completed a declination form:

- Will be asked to follow workplace safety rules applicable to unvaccinated individuals, based on federal, state, and local laws, public health authority orders, and KP policies.
- These may include rules such as: masking, social distancing, additional education on COVID-19 vaccines and safety training, and routine proof of negative COVID-19 test results.

# How to submit verification

To submit your proof of COVID-19 vaccination, or complete a declination form, please select one of the 3 options below:

1. I authorize KP as my employer to obtain my COVID-19 vaccination status from my medical record – Click Here. *This is the easiest option.*
2. I would prefer to upload vaccination information myself – Click Here. (*Note, if you have already uploaded your proof of vaccination, there is no need to take additional action.*)
3. I wish to complete a declination form – Click Here.

 | MyKP

 

If you are not vaccinated, but would like to schedule an appointment, please visit kp.org.

Thank you for your support in helping Kaiser Permanente continue fulfilling its mission of providing high-quality, affordable care. If you need additional guidance, please refer to the frequently asked questions or the Job Aids on HRconnect. For technical issues, please contact the IT Help Desk. All other questions can be directed to the Employee Health department or your manager.

Share ➤

TAGS

News and announcements

Sign in to Yammer to add/view comments.

Sign in

MyKP Feedback

Terms and Conditions

Privacy Statement

**Lucinda M. Miller**

| | |
|---|---|
| **From:** | Communications Northwest |
| **Sent:** | Friday, August 20, 2021 5:41 PM |
| **Subject:** | IMPORTANT UPDATE: COVID-19 vaccination policy and verification process |

 **KAISER PERMANENTE.**

A message to all employees from Deanna W. Dudley, Vice President of Human Resources, Kaiser Foundation Health Plan and Hospitals of the Northwest.

Kaiser Permanente has set a target date of September 30 for all employees, physicians, and dentists to be fully vaccinated for COVID-19 or receive an approved qualifying exemption.

This week we have been actively engaged with labor leaders to consider the effects of our new COVID-19 vaccination policy, and we incorporated their thoughtful feedback and suggestions into its implementation. We are united in our goal to maintain the highest level of safety and protection for our members, patients, employees, physicians, and the communities we serve.

Kaiser Permanente's COVID-19 vaccination policy reflects our commitment to disease prevention and public health, and reinforces our leadership in helping to end the pandemic (click link to see the video on MyKP). The policy requires all employees to provide proof of vaccination or receive a qualified exemption as a condition of employment.

Below are important milestones to meet our target date for having a fully vaccinated workforce across Kaiser Permanente:

- **By August 23**: Please go to HRconnect to verify your COVID-19 vaccination status or request a qualifying exemption. After this date, any employee who has not submitted proof of full vaccination will be required to follow workplace safety rules applicable to unvaccinated individuals. To check on the status of your verification, go to this link.
- **August 24 through September 30**: Employees may use this additional time to become fully vaccinated and verify proof of vaccination, or to obtain an approved qualifying exemption.
- **October 1 through November 30**: Employees who are not fully vaccinated or who have not obtained an approved qualifying exemption will be placed on unpaid administrative leave up to a maximum of 60 days to provide proof of full vaccination or obtain an approved exemption.
- **December 1**: Employees who are not fully vaccinated or who do not have an approved exemption will no longer be eligible to continue employment and will be terminated.

1

If you have already submitted your vaccination verification, thank you. If you haven't, submitting your proof of full vaccination or a request for exemption as soon as possible is essential to ensure there is no interruption in your ability to work for Kaiser Permanente.

For information on the safety and effectiveness of the COVID-19 vaccine go to kp.org/covidvaccine.

If you have questions, please contact your manager or local Human Resources representative.

Thank you for all you do, every day, to care for yourselves, your co-workers, our members, patients, and communities. The pandemic has tested all of us, and you have shown – time and again – your caring, compassion, and dedication.

Deanna Dudley

**NOTICE TO RECIPIENT:** If you are not the intended recipient of this e-mail, you are prohibited from sharing, copying, or otherwise using or disclosing its contents. If you have received this e-mail in error, please notify the sender immediately by reply e-mail and permanently delete this e-mail and any attachments without reading, forwarding or saving them. v.173.295 Thank you.

# EXHIBIT B



# COVID-19 Vaccination Exemption

Case Number: 41042434

Created: 08/26/2021 09:25:28 PM

Case Details

Case Title

COVID-19 Vaccination Exemption

Current Status

Closed [08/28/2021 11:49:07 AM]

Employee Name

Lucinda Marie Miller

Employee NUID

H523017

Submitter

Submitter

Lucinda Miller

Submitter NUID

H523017

Business Office Phone

Daytime Contact Phone Number

Preferred Email

lucinda.m.miller@kp.org

Alternate Email

Instructions

You have 15 minutes to complete this form before timing out. We recommend using "Save As Draft", if needed, while completing the form before 'submitting.

After Submitting this form, you will receive a successfully submitted message in a green box at the top of the page and the request will be visible on your My Cases dashboard.

If you are fully vaccinated, please return to HRconnect (https://hrconnect.kp.org/wps/poc?urile=wcm:path:/myhr/EPFSite/HR/WorkAtKP/Compliance/vaxverify) for other options.

Please <u>download and use this form</u>
(<u>https://hrconnect.kp.org/wps/myportal/hr/workatkp/compliance/vaxverify/!ut/p/z1/nZBLT8MwEIR_C4ccrb XzzjFQoSilQohHY1-QE5zGtLHdYOXx73G59FQq2NtodlazHzCogCk-yh23Uit-cJqy- N3PHnARPulizZ5WOL8tg9X9yxrjMIE3YMAaZY3tgPZLN3hYmPZLWuHhk5j0sOd2bzzc6N4cJFeNc0Y- j2KQ7XJKm0Z-AM2ymJCAEMRTkaAwbjNUpwFBjU_aUNQR9-MattfqMGfjC5NjoC6fXMyvI9iOUkzwqvTQu-- f_1ivwFD- VPiloSPqD5u7zc5d5rZDUrUaqjMcqM5w3K78PB5Z7hBrZcVsofoHY9P3abAgWo7TMkf05hu4z1GI/dz/d5/L2dBI SEvZ0FBlS9nQSEh/? 1dmy&urile=wcm%3apath%3a%2Fmyhr%2Fepfsite%2Fhr%2Fworkatkp%2Fcompliance%2Fvaxverifyresouced coument%2Fcoviddeclinationmedicalexemption</u>) to gather a physician or other licensed medical professional signature and upload when submitting a Vaccination Exemption.

The option to upload a document is available after clicking the "Save As Draft" button (jpg, .jpeg, .pdf, .tiff, .doc(x), .xls(x) and .txt are the file types available for upload) and is required for a medical exemption.

Vaccination Exemption

**\* (required) Action:**

◯ New/Revise Request

◯ Cancel Previous Request

**\* (required) I have not been fully vaccinated because – choose all that apply:**

☐ I have a documented medical condition or a contraindication to getting a vaccine that prevents me from receiving any COVID-19 vaccine

☑ I have a sincerely held religious belief, practice, or observance that prevents me from receiving any COVID-19 vaccine

Religious Belief/Practice

**Simply being against vaccinations or having concerns about the safety of a vaccine is not sufficient to meet this exemption.**

\* (required) ☑
  I understand the personal and public health benefits of COVID-19 vaccinations and the risks
  associated with not receiving the COVID-19 vaccine

\* (required) ☑
  I understand that I may be required to take additional education on COVID-19 vaccines and safety
  training, routinely show proof of negative COVID-19 test results and wear a mask during work hours if
  I am not vaccinated

\* (required) ☑
  To be eligible for this exemption, I understand that I must disclose below the religion and identify the
  specific doctrine or teaching that prevents me from receiving any COVID-19 vaccine

\* (required) Name of Provider Certifying Exemption:

\* (required) License Number of Provider Certifying Exemption:

August 6, 2021

Dear Kaiser HR,

I exercise my right to a religious exemption from vaccination. I am a Christian who believes in the Bible, including the teachings in the New Testament. I have a Christian worldview. This perspective recognizes that faith and conscience compel an individual to submit to the proper jurisdiction within the rule of law, in this case, Divine Law. Specifically, the New Testament teaches that:

"Do you not know that you are the temple of God and that the Spirit of God dwells in you? If anyone defiles the temple of God, God will destroy him. For the temple of God is holy, which temple you are." I Corinthians 3:16, 17 (NKJV)And they said no I said I'll be there between eight and 815 and want to scare her

"Or do you not know that your body is the temple of the Holy Spirit who is in you, whom you have from God, and you are not your own?" I Corinthians 6:19 (NKJV)

I believe, in line with my Christian faith, that my body is a temple of the Holy Spirit. It is a God-given responsibility and requirement for me to protect my body against unclean food and injections.
The broad prohibition against consuming anything that might "defile" the body, and hence the conscience, is stated again in I Corinthians 8. (NKJV)

"However, there is not in everyone that knowledge; for some, with consciousness of the idol, until now eat it as a thing offered to an idol; and their conscience, being weak, is defiled." I Corinthians 8:7 (NKJV)

Again, in II Corinthians 7, there is this command against defiling the flesh and the spirit.

"Therefore, having these promises, beloved, let us cleanse ourselves from all filthiness of the flesh and spirit, perfecting holiness in the fear of God." II Corinthians 7:1 (NKJV)

The New Testament requires of Christians that we "Render to Caesar the things that are Caesar's, and to God the things that are God's." Mark 12:17 (NKJV) When it comes to consuming things into our own bodies, as opposed to make payments to government, compliance with God's law is required.

The mandated vaccine, with its numerous additives and its mechanism for altering my body, is the equivalent of a prohibited "unclean food" that causes harm to my conscience. Vaccines to me are likened to what non-kosher food is to orthodox Jews, and no one requires anyone in the United States to consume a substance contrary to their faith. Medical experts may assert that non-kosher food and vaccines are completely healthy, but religious faith compels devout individuals to decline their consumption. I am one of those individuals.

My faith prohibits me from being vaccinated as proposed, maintaining a clear conscience before God. The U.S. Constitution recognizes my right to object to unwanted medical treatment and consuming something, this vaccine, because it violates my faith. I respectfully assert my religious objection to this vaccination. I will continue to wear a face mask for infective protection in consideration of hospital patients and coworkers.

I make this exemption request for the glory of God and consistent with my faith. Thank you for your consideration of it.

Respectfully,
Lucinda Miller/H523017
Bed Control Coordinator/KSMC, KWMC

Description of how I live this belief in my daily life that demonstrates it is sincerely held:
In strict accordance with my faith, I refrain from participating in certain activities and defiling my body in ways contrary to my Biblical beliefs. I have been baptized into my faith, support my local church and both read the Bible and pray on a regular basis, asking for life direction in all areas from God. I believe the Holy Bible, God's Holy Word to all mankind is the inerrant Word of God. In it lies answers to all of life's questions for me.

EXHIBIT C



# COVID-19 Vaccination Exemption

Case Number: 40898808

Created: 08/09/2021 09:16:06 AM

### Case Details

### Case Title

COVID-19 Vaccination Declination

### Current Status

Canceled [08/26/2021 09:27:22 PM]

### Employee Name

Lucinda Marie Miller

### Employee NUID

H523017

### Submitter

### Submitter

Lucinda Miller

### Submitter NUID

H523017

### Business Office Phone

### Daytime Contact Phone Number

7142693469

### Preferred Email

lucinda.m.miller@kp.org

### Alternate Email

smcjmiller@yahoo.com

### Instructions

You have 15 minutes to complete this form before timing out. We recommend using "Save As Draft", if needed, while completing the form before 'submitting.

After Submitting this form, you will receive a successfully submitted message in a green box at the top of the page and the request will be visible on your My Cases dashboard. If you do not see this message, please refresh your screen, enter the information, and submit again.

If you are fully vaccinated, please return to HRconnect (https://hrconnect.kp.org/wps/poc?urile=wcm:path:/myhr/EPFSite/HR/WorkAtKP/Compliance/vaxverify) for other options.

**Please download and use this form (https://hrconnect.kp.org/wps/myportal/hr/workatkp/compliance/vaxverify/!ut/p/z1/nZBLT8M wEIR_C4ccrbXzzjFQoSilQohHY1-QE5zGtLHdYOXx73G59FQq2NtodlazHzCogCk-yh23Uit-cJqy-N3PHnARPulizZ5WOL8tg9X9yxrjMIE3YMAaZY3tgPZLN3hYmPZLWuHhk5j0sOd2bzzc6N4cJF eNc0Y-j2KQ7XJKm0Z-AM2ymJCAEMRTkaAwbjNUpwFBjU_aUNQR9-MattfqMGfjC5NjoC6fXMyvl9iOUkzwqvTQu--f_1ivwFD-VPiloSPqD5u7zc5d5rZDUrUaqjMcqM5w3K78PB5Z7hBrZcVsofoHY9P3abAgWo7TMkf05hu4z1 Gl/dz/d5/L2dBISEvZ0FBIS9nQSEh/?1dmy&urile=wcm%3apath%3a%2Fmyhr%2Fepfsite%2Fhr%2Fworkatkp%2Fcompliance%2F vaxverifyresoucedcoument%2Fcoviddeclinationmedicalexemption)** to gather a physician or other licensed medical professional signature and upload when submitting a Vaccination Exemption.

The option to upload a document is available after clicking the "Save As Draft" button (jpg, .jpeg, .pdf, .tiff, .doc(x), .xls(x) and .txt are the file types available for upload) and is required for a medical exemption.

Vaccination Exemption

**\* (required) Action:**
○ New/Revise Request
○ Cancel Previous Request

**\* (required) I have not been fully vaccinated because – choose all that apply:**
☐ I have a documented medical condition or a contraindication to getting a vaccine that prevents me from receiving any COVID-19 vaccine
☑ I have a sincerely held religious belief, practice, or observance that prevents me from receiving any COVID-19 vaccine

Religious Belief/Practice

**Simply being against vaccinations or having concerns about the safety of a vaccine is not sufficient to meet this exemption.**

\* (required) ☑
I understand that I may be required to take additional education on COVID-19 vaccines and safety training, routinely show proof of negative COVID-19 test results and wear a mask during work hours if I am not vaccinated

* (required) ☑

To be eligible for this exemption, I understand that I must disclose below the religion and identify the specific doctrine or teaching that prevents me from receiving any COVID-19 vaccine

* (required) My religion is as follows:

one requires anyone in the United States to consume a substance contrary to their faith. Thus my faith prohibits me from being vaccinated as proposed, maintaining a clear conscience before God.

* (required) The specific religious doctrine or teaching that prevents me from receiving a vaccine is:

Constitution recognize my right to object to unwanted medical treatment and consuming something – this vaccine – because it violates my faith. Therefore I respectfully assert my religious objection to this vaccination.

* (required) I have previously declined to receive other vaccines because of my religious belief, practice or observance?

◯ Yes
◯ No

* (required) If yes, please identify the other vaccines you have declined

* (required) If no, please explain what makes the COVID-19 vaccine different from the other vaccines you have not declined

Attestation

By typing in my name below, I declare under penalty of perjury under the laws of the State in which I work that the statements above are true and correct

* (required) Please type your name to confirm your agreement

Lucinda Miller

Case Comments

No comments are available.

Back to Dashboard

# EXHIBIT D



**HR**connect

(https://hrconnect.kp.org/wps/portal/hr/home)

Lucinda  Marie

## Cases Dashboard

My Cases        Initiated for Others        My Approvals

Enter Case Number or Case Title          Select Date Range          Show Me

🔍                                        Last 6 months              All Cases

| Case Number | | Case Title | | Case Status | | Created Date ↓ | | Closed Date |
|---|---|---|---|---|---|---|---|---|
| 41193199 (https://kphr--c.na113... | | CC Inquiry - Time Off Accrual Inq... | | Closed | | 09/15/2021, 02:49 PM | | 09/15/2021, 02:54 PM |
| 41192505 (https://kphr--c.na113... | | CC Inquiry Retirement | | Closed | | 09/15/2021, 02:10 PM | | 09/15/2021, 05:45 PM |
| 41042434 (https://kphr--c.na113... | | COVID-19 Vaccination Exemption | | Exemption Approved | | 08/26/2021, 09:25 PM | | 08/28/2021, 11:49 AM |
| 40898808 (https://kphr--c.na113... | | COVID-19 Vaccination Declination | | Canceled | | 08/09/2021, 09:16 AM | | 08/26/2021, 09:27 PM |
| 40036985 (https://kphr--c.na113... | | CC Inquiry-Retirement Initiation I... | | Closed | | 04/27/2021, 02:16 PM | | 04/27/2021, 02:18 PM |

Records per page: 10                    ← Previous    Page 1 of 1    Next →

# EXHIBIT E

**Lucinda M. Miller**

| | |
|---|---|
| From: | HR Communications <email@enterprisecomms.kp.org> |
| Sent: | Tuesday, September 21, 2021 1:16 PM |
| To: | Lucinda M. Miller |
| Subject: | Please read: Important update on your provisionally approved COVID-19 vaccination exemption |

Having trouble viewing this message? Click here.

 **KAISER PERMANENTE**®

An important message for employees requesting religious exemption from the COVID-19 vaccination mandate

September 21, 2021

Dear Lucinda,

**You are receiving this letter because you have been provisionally approved for a religious exemption from our COVID-19 Vaccination for KP Workforce Members Policy (NATL.HR.057) requiring that all employees be fully vaccinated by September 30, 2021, and we want to let you know that we are engaging in additional review of exemption requests.**

We respect our employees who hold sincerely held religious beliefs and are committed to thoroughly and thoughtfully reviewing all requests for religious exemption from our COVID-19 Vaccination for KP Workforce Members Policy (NATL.HR.057). In the course of our review of exemptions, as part of our ongoing compliance with state mandates and KP policy, it has come to our attention that many employees have submitted similar or nearly identical exemption requests containing language that was taken verbatim from various free and paid template forms available on the internet.

Even more concerning are the discussions we have seen occurring in internet chat groups in which Kaiser Permanente employees have been exchanging strategies for avoiding the vaccine mandate and distributing language and phrases that seem to be designed to create the appearance of a legitimate religious exemption instead of actually being based on a sincerely held religious belief.

1

Unfortunately, these findings will require us to perform additional review of all accommodation requests to ensure our continual compliance with our responsibilities under state mandates and KP policy. It is critical that we continue to keep the safety of our staff, patients, and the communities that we serve at the center of all that we do, and that we uphold our ethical standards as outlined in our Principles of Responsibility. We are also taking this opportunity to remind employees that there is still time to get vaccinated and meet the September 30, 2021 deadline.

**You continue to be provisionally approved; however, note the following:**

- **Requests for exemption must be in your own words.** If your exemption request used language copied from a template or form letter, **you will be asked to resubmit your request for exemption using your own words.** You will receive an email asking for more information if more detail is required.

- **If your exemption request included a personal statement in your own words,** you may be asked for additional information so that we can better understand the nature of your religious belief. You will receive an email if more detail is required.

- It is important that you provide accurate and truthful information when you submit an exemption request. Failure to do so can result in disciplinary action, up to and including termination of employment. **If you would like to cancel your previously submitted exemption request** and become vaccinated, we will not take any further action on your exemption request and you can then upload your vaccination information when it becomes available. **You can cancel your request by going to HRconnect: select "Complete exemption form,"** and then select the "Cancel previous request" option. Please do so as soon as possible but no later than September 30, 2021.

- **Should you choose to become vaccinated,** you can still meet the September 30 deadline by receiving the single-dose Johnson & Johnson vaccine. You can schedule a vaccine appointment by visiting **kp.org** and **submit proof of vaccination** on HRconnect.

Please note we are still making decisions about what, if any, reasonable accommodations can be made for employees with approved exemptions to allow them to safely perform their job duties. Once decisions are made, it will be communicated to impacted employees.

For additional information, please go to the **COVID-19 Vaccine Verification & Testing** site on HRconnect or talk with your manager. General inquiries on the COVID-19 vaccine verification and testing process may also be directed to the National HR Service Center at 1-877-457-4772.

NOTICE TO RECIPIENT: If you are not the intended recipient of this e-mail, you are prohibited from sharing, copying, or otherwise using or disclosing its contents. If you have received this e-mail in error, please notify the sender immediately by reply e-mail and permanently delete this e-mail and any attachments without reading, forwarding or saving them. v.173.295 Thank you.

EXHIBIT F

**Lucinda M. Miller**

| | |
|---|---|
| **From:** | Michele Baumgarner |
| **Sent:** | Wednesday, September 29, 2021 4:05 PM |
| **To:** | NW SYS KSMC PAR-KPNW; NW SYS KSMC PT AC BC-KPNW |
| **Subject:** | Stickers for evidence of COVID-19 vaccination |

Hello All –

Thank you to all of you for meeting the timeline for vaccine compliance!

For those who have been vaccinated, please see me for a badge sticker.  If I am not in, I'll leave them with Heidi.

At this time, we haven't been given anything for approved exemptions.  If there is something added, I make sure an update you.


Thank You,

**Michele Baumgarner, CRCR, CHAM**
Manager
Patient Access Business Services

**Kaiser Permanente**
Sunnyside Medical Center
10180 SE Sunnyside Road
Clackamas, OR 97015

503-571-4057 (office)
31-4057 (tie-line)
503-571-4070 (fax)
503-209-2096 (mobile phone)
Michele.X.Baumgarner@kp.org

KAISER PERMANENTE.

**revenueCYCLE**
NORTHWEST   *Patient Access Business Services*


**NOTICE TO RECIPIENT:** If you are not the intended recipient of this e-mail, you are prohibited from sharing, copying, or otherwise using or disclosing its contents.  If you have received this e-mail in error, please notify the sender immediately by reply e-mail and permanently delete this e-mail and any attachments without reading, forwarding or saving them. v.173.295  Thank you.

1

EXHIBIT G



## Lucinda M. Miller

| | |
|---|---|
| **From:** | Lucinda M. Miller |
| **Sent:** | Friday, October 29, 2021 10:00 PM |
| **To:** | 'hrconnect-cases@hr.kp.org' |
| **Cc:** | smcjmiller@yahoo.com; 'steven miller' |
| **Subject:** | RE: Request for Addl Info Exemption-COVID-19 Vaccination Req.-Religion ref:_00D412j5UY._5003j1tG9wU:ref |

**From:** hrconnect-cases@hr.kp.org <hrconnect-cases@hr.kp.org>
**Sent:** Wednesday, October 27, 2021 9:59 AM
**To:** Lucinda M. Miller <Lucinda.M.Miller@kp.org>
**Cc:** smcjmiller@yahoo.com
**Subject:** Request for Addl Info Exemption-COVID-19 Vaccination Req.-Religion ref:_00D412j5UY._5003j1tG9wU:ref

# HRconnect

Dear Lucinda Marie Miller:

1

After careful review of your request for an exemption under the COVID-19 Vaccination Policy, undertaken to ensure ongoing compliance with our responsibilities under public health requirements and KP policy, it has been determined that additional information is needed from you to further evaluate whether you have a sincerely held religious belief, practice, or observance that prevents you from receiving any COVID-19 vaccine. CASE NUMBER: 41042434

**Additional Information Needed Within Five Calendar Days:** To help us better understand the basis for your request for a religious exemption, please answer the questions below **within five calendar days** by replying to this email, and adding your responses immediately following each question. Please make sure your responses are in your own words and do not contain language from a template or form response you have obtained from someone else or an online source. If you quote from scripture or another resource, you must also explain in your own words what that resource means, and how you believe the resource prevents you from being vaccinated.

**Consequences of Not Providing Complete and Timely Information:** If you do not provide complete information **within five calendar days from the date of this notice**:

- a decision will be made regarding your exemption request based on the information we have obtained to date; and
- you may receive a Notice of Denial.

**Consequences of Not Receiving An Approved Exemption:** If you receive a Notice of Denial, you will be required to submit proof in HRconnect that you completed a COVID-19 vaccine series:

- **immediately** to avoid being on an **unpaid leave of absence**; and
- **on or before November 30** to avoid having your **employment terminated effective December 1**.

NOTE: Employees may continue to work and will not be placed on leave of absence if they HAVE COMPLETED their vaccine series by September 30, 2021 (i.e., one dose of J&J; second dose of either Moderna or Pfizer), **_except_** where full vaccination is required by law or public health order. Where full vaccination* is required, employees without approved exemptions must remain off work until they have completed a COVID-19 vaccine series **_and_** the 14-day waiting period.

Please be assured that we respect our employees who hold sincerely held religious beliefs and are committed to thoroughly and thoughtfully reviewing all requests for religious exemption from our COVID-19 Vaccination for KP Workforce Members Policy (NATL.HR.057). Throughout this evaluation process, it is critical that we continue to keep the safety of our staff, patients, and the communities that we serve at the center of all that we do. It is also critical that our employees always uphold KP's ethical standards as outlined in our Principles of

2

Responsibility, including throughout this religious exemption process. We appreciate all that you do to demonstrate your commitment to these important ideals.

Unless required otherwise by state or local orders, until you are fully vaccinated, you must comply with the safety rules specified for those unvaccinated or not fully vaccinated individuals reporting to work at any Kaiser Permanente facility or caring for patients in person at a non-KP Facility. These rules may require masking, social distancing, additional education on COVID-19 vaccines and safety training, and routine proof of negative COVID-19 test results. Also, there will be a need to assess whether your vaccination status limits your ability to perform your job functions in a manner that is both safe and complies with legal or public health mandates and KP policies, and if so, what the appropriate next steps are to address any such limitations. See your manager for the specific safety rules that apply to you, and to discuss any limitations your vaccination status places on your ability to continue working and safely perform your job functions.

**To schedule a vaccine appointment, please visit kp.org.**

**For information on the safety and effectiveness of the COVID 19 vaccine go to kp.org/covidvaccine.**

If you have any questions or concerns regarding the above, please respond to this email.

**ADDITIONAL QUESTIONS REGARDING YOUR REQUEST FOR RELIGIOUS EXEMPTION FROM COVID-19 VACCINATION (Maximum of Nine)**

Question:
"Have you ever received a vaccination or immunization as an adult? If so, when? How is the COVID-19 vaccine different?"
Answer: Yes for travel to Africa for missions trips. Never have I been so compelled in my spirit, as a result of my Christian beliefs, to not subject my body, a temple of the Holy Spirit, to a recommended vaccine as I am for this vaccine.

Question:
"Is this belief part of a religious doctrine you believe? If yes, what religious doctrine? Does it specifically prevent vaccinations?"
Answer: Yes, as a Christ follower for almost 60 years, the Spirit of the living God is my Comforter, Counselor and lives within me. I am directed in my prayer life to follow the urgings of the Spirit whatever choices I need to make in this life here on earth.

Question:
What else besides the COVID-19 vaccine do you refuse to put in your body as a result of your religious belief?
Answer:  I address each consideration for foods, medications, procedures, vaccinations, etc as they are presented to me, submit them to prayer and then make my decision.  I have refused colonoscopies, prescription medications, flu shots and consider my food choices regularly, trying always to be obedient to the Spirit, my personal Saviour Jesus Christ and the Father, God Almighty.


Question:
Have you put this belief into practice in any other areas of your life?
Answer: See above.  I believe I have answered sufficiently. And, 'my cases' state 'exemption approved' several weeks ago.  Thank you.


Question:

Answer:


Question:

Answer:


Question:

Answer:


Question:
Answer:


Question:
Answer:


If you have additional information you would like to submit in support of your request for exemption, please provide it here:

4

\*"Fully vaccinated" means fully vaccinated against the virus that causes COVID-19 as defined by the CDC.  As of the date of this form, this means receipt of the second dose in a 2-dose series (e.g., Pfizer and Moderna vaccines) OR receipt of a single-dose vaccine (e.g., Johnson & Johnson's Janssen vaccine) AND a 2 week period having passed since the administration of the last vaccine dose. (This definition may change to include the requirement for vaccine booster shots in the future.)

ref:_00D412j5UY._5003j1tG9wU:ref

**NOTICE TO RECIPIENT:**  If you are not the intended recipient of this e-mail, you are prohibited from sharing, copying, or otherwise using or disclosing its contents.  If you have received this e-mail in error, please notify the sender immediately by reply e-mail and permanently delete this e-mail and any attachments without reading, forwarding or saving them. v.173.295  Thank you.

# EXHIBIT H

From: hrconnect-cases@hr.kp.org
Subject: Denial of Exemption from COVID-19
Vaccination Requirement - Religion
Date: Nov 29, 2021 at 14:23:23
To: Lucinda.M.Miller@kp.org
Cc: smcjmiller@yahoo.com,
Michele.X.Baumgarner@kp.org

# HRconnect

Dear Lucinda Marie Miller:

After thoroughly evaluating your request for a religion-based exemption
from the COVID-19 vaccination requirement of the Kaiser Permanente
COVID-19 Vaccination Policy, it has been determined that your request
does not meet the standards necessary for granting an exemption from
obtaining any COVID-19 vaccine. Therefore, your request has been
DENIED. CASE NUMBER: 41042434

*If your request for an exemption under the COVID-19 Vaccine Policy was
previously approved on a provisional basis, you were notified that the
decision to approve your exemption, and action taken to accommodate the
exemption, are subject to change. A further review of your exemption
request occurred and resulted in this denial.*

As a result,

- **You are required to comply with the Kaiser Permanente
  COVID-19 Vaccine Policy by submitting proof of completed
  COVID-19 vaccination** (i.e., both doses of a 2-dose vaccine such as
  Pfizer or Moderna OR a single-dose vaccine such as Johnson &
  Johnson's Janssen vaccine) **or obtaining an approved exemption.**
- **If you were previously approved for a religious exemption, your
  exemption will expire in five (5) calendar days. If you are
  currently working you may continue to do so for the next five (5)
  calendar days.**
  - If you submit verified proof of completed vaccination before
    your exemption expires you may work <u>unless</u> you work in a
    location where full vaccination (i.e., 14 days after completed
    vaccination) is required by law or public health order.

- ○ Where full vaccination is required, employees without approved exemptions will be placed on unpaid administrative leave after their exemptions expire and are not permitted to work for or at Kaiser Permanente until they submit verified proof of completed COVID-19 vaccination and complete the 14-day waiting period.

- **If you are currently off work for any reason, you will not be permitted to return to work until you meet the vaccination requirements.**

Where individuals are permitted to perform services immediately after submitting verified proof of completed vaccination, they must engage in any testing required for workers who are not fully vaccinated during the 14-day waiting period.

**Failure to meet the requirements of the Kaiser Permanente COVID-19 Vaccination Policy by January 7, 2022, will result in the termination of your employment on or after January 10, 2022.**

**To ensure that your employment is not disrupted, do not wait to comply with the Vaccination Policy. As soon as possible, go to HRconnect.kp.org to upload your proof of vaccination**

**To schedule a vaccine appointment, please visit kp.org.**

**For information on the safety and effectiveness of the COVID 19 vaccine go to kp.org/covidvaccine.**

**Accessing HRconnect away from Kaiser Permanente**

You will need PingID to sign-in. If you do not have PingID currently installed, use the instructions below to download the application on your device of choice.

You may be asked to reset your password due changes to KP's minimum password requirements from a minimum of 8 characters to 12 characters.

**Steps for Downloading PingID:**

1. Sign in to HRconnect at HRconnect.kp.org and type in your NUID and password.
2. Click the PingID setup link to begin the registration process.
3. When the log-in screen appears, enter your NUID and password

4. When the ID verification screen appears. Follow instructions to complete your information.
5. Confirm information and submit for ID check
6. After successful verification, a PingID set up screen will open. Follow the steps to install PingID and complete the sign-in process

Also, you may come to a KP facility and use a KP computer to access HRconnect.

**For more information**

General inquiries on the COVID-19 vaccine verification and testing process may be directed to the National HR Service Center at 1-877-457-4772. Follow the prompts for the COVID-19 Vaccine Verification support queue.

If you have any questions or concerns regarding the impact this decision has on your employment, please consult your manager.

v11.29.21 ref:_00D412j5UY _5003j1tG9wU:ref

EXHIBIT  I



I would like to appeal this recent decision having just a few weeks to complete my employment with KSMC. In addition, since I do not work in a patient facing position, this feels especially punitive.

Please advise my next steps.

Respectfully yours,
Lucinda

Cindi Miller
smcimiller@yahoo.com

"Those who seek the Lord, lack no good thing." Psalm 34:10

Begin forwarded message:

**From:** "hrconnect-cases@hr.kp.org" <hrconnect-cases@hr.kp.org>
**Subject: Denial of Exemption from COVID-19 Vaccination Requirement - Religion**
**Date:** November 29, 2021 at 2:23:22 PM PST
**To:** "lucinda.m.miller@kp.org" <lucinda.m.miller@kp.org>
**Cc:** "smcimiller@yahoo.com" <smcimiller@yahoo.com>, "michele.x.baumgarner@kp.org" <michele.x.baumgarner@kp.org>

# **HR**connect

Dear Lucinda Marie Miller:

After thoroughly evaluating your request for a religion-based exemption from the COVID-19 vaccination requirement of the Kaiser Permanente COVID-19 Vaccination Policy, it has been determined that your request does not meet the standards necessary for granting an exemption from obtaining any COVID-19 vaccine. Therefore, your request has been

EXHIBIT J

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | EEOC  FEPA | **551-2022-01829** |

| Oregon Bureau of Labor & Industries - Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)*  Mrs. Lucinda M. Miller | Home Phone  (714) 269-3469 | Year of Birth |
|---|---|---|

Street Address

19363 Willamette Drive, 261

WEST LINN, OR 97068

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name  KAISER PERMANENTE (SUNNYSIDE MEDICAL CENTER) | No. Employees, Members  501+ Employees | Phone No.  (503) 813-2000 |
|---|---|---|

Street Address

10180 SE SUNNYSIDE RD

CLACKAMAS, OR 97015

| Name | No. Employees, Members | Phone No. |
|---|---|---|

| Street Address | City, State and ZIP Code | |
|---|---|---|

| DISCRIMINATION BASED ON  Religion | DATE(S) DISCRIMINATION TOOK PLACE  Earliest          Latest  11/29/2021          11/29/2021 |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Kaiser Permanente, hereinafter Respondent, in or around August 2014. I have performed the duties of my job title, Bed Control Coordinator, in a satisfactory manner.On or about August 6, 2021, I informed Respondent of my religious belief and that I could not receive the COVID-19 vaccination and would need a religious accommodation. Respondent initially granted my request. However, on or about November 29, 2021, I was informed that they could no longer accommodate my request and that I had "5 days to comply" with the vaccine mandate. Upon receipt of the religious exemption denial, I was told that there was no appeal process, and that no accommodation would be made. In addition, my personal health information was violated when Kaiser disclosed my personal information to my manager without my prior knowledge or permission.I believe I have been denied a religious accommodation due to my religion/religious beliefs, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Mrs. Lucinda M. Miller**  **02/17/2022** | SUBSCRIBED  AND  SWORN  TO  BEFORE  ME  THIS  DATE  *(month, day, year)* |
| *Charging Party Signature* | |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EXHIBIT   K

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Seattle Field Office**
909 First Avenue, Suite 400
Seattle, WA 98104
(206) 576-3000
Website: www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/30/2022

**To:** Mrs. Lucinda M. Miller
P.O. Box 7
West Linn, OR 97068
Charge No: 551-2022-01829

EEOC Representative and email:    Shannon De Jong
Investigator
shannon.dejong@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 551-2022-01829.

On Behalf of the Commission:

September 30, 2022                                                        for
Date                                              Elizabeth M. Cannon, Director
                                                  Seattle Field Office

**cc:**
Babak Yousefzadeh                          Adam Rosenthal
Sheppard, Mullin, Richter & Hampton LLP    Sheppard, Mullin, Richter & Hampton LLP
4 Embarcadero Ctr, Fl. 17                  12275 El Camino Real, Ste. 100
San Francisco, CA 94111                    San Diego, CA 92130
Byousefzadeh@sheppardmullin.com            Arosenthal@sheppardmullin.com

Please retain this notice for your records.

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC
*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 551-2022-01829 to the District Director at Nancy Sienko, 450 Golden Gate Avenue 5 West PO Box 36025, San Francisco, CA 94102.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to:
https://www.eeoc.gov/eeoc/foia/index.cfm.

EXHIBIT  L

2023

# Date Calculator: Add to or Subtract From a Date

Enter a start date and add or subtract any number of days, months, or years.

**Count Days**     **Add Days**     **Workdays**     **Add Workdays**     **Weekday**     **Week №**

From **Friday, September 30, 2022**
Added 90 days

## Result: Thursday, December 29, 2022

### Calendar showing period from September 30, 2022 to December 29, 2022

| September 2022 | | | | | | | |
|---|---|---|---|---|---|---|
| 0 days added | | | | | | |
| Sun | Mon | Tue | Wed | Thu | Fri | Sa |
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | |

| October 2022 | | | | | | | |
|---|---|---|---|---|---|---|
| 31 days added | | | | | | |
| Sun | Mon | Tue | Wed | Thu | Fri | Sa |
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 | | | | | |

| November 2022 | | | | | | | |
|---|---|---|---|---|---|---|
| 30 days added | | | | | | |
| Sun | Mon | Tue | Wed | Thu | Fri | Sa |
| | | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | | | |

| December 2022 | | | | | | | |
|---|---|---|---|---|---|---|
| 29 days added | | | | | | |
| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

☐ = Start date (Sep 30, 2022)    ☐ = Final result date (Dec 29, 2022)



**Time & Date Calculator App for iOS**

See how long remains before a deadline or exactly when those 30 days are up.



© Time and Date AS 1995–2022